UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK THOMAS, an individual,

    Plaintiff,

vs.                              CASE NO.:

SHAWROCK, INC., a Florida profit
corporation, d/b/a PACK & SHIP
EXPRESS, and THOMAS J.
GRIMSHAW, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mark Thomas ("Plaintiff"), by and through undersigned counsel, sues Defendants, Shawrock, Inc. d/b/a Pack & Ship Express ("Shawrock") and Thomas J. Grimshaw ("Grimshaw") (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Collier County, Florida.

5. Defendant Shawrock was and is a Florida profit corporation conducting business in Collier County, Florida, within the jurisdiction of the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6. Defendant Grimshaw was and is an individual who owned and/or operated Defendant Shawrock, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Shawrock and over Plaintiff, Defendant Grimshaw is an employer as defined by 29 U.S.C. § 201 *et seq.*

7. At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

8. At all times material, Defendants were an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendants were an employer as defined by 29 U.S.C. § 203(d).

10. Defendant Shawrock was and is a Florida profit corporation conducting business in Collier County, Florida, and subject to the requirements of the FLSA. Defendant Shawrock is a packaging company offering packing and shipping services out of Naples, Florida.

11. Defendants are an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

12. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. Defendants employed Plaintiff as a manager. In this capacity, Plaintiff handled packages, goods, and/or equipment, which had travelled in interstate commerce, on a daily basis.

14. At all times material, Plaintiff was individually covered by the FLSA, as he routinely shipped packages out of state as part of his job.

## GENERAL ALLEGATIONS

15. Defendants employed Plaintiff as a manager for approximately four (4) years, through on or about, September 17, 2021. During this time, Plaintiff's primary job duties included, without limitation, assisting customers with shipping and deliveries, and packing and shipping parcels for Defendants' customers.

16. Plaintiff did not customarily and regularly direct the work of at least two or more employees; Plaintiff did not hire or fire employees for Defendant; and Plaintiff did not otherwise exercise discretion or independent judgment over matters of significance for Defendant. Moreover, Plaintiff did not work in an occupation which has attained recognized professional status, requiring an advanced specialized academic degree as a standard prerequisite for entrance into the profession. As such, for FLSA purposes, Plaintiff was not employed in a *bona fide* executive, professional, or administrative capacity.

17. Defendants compensated Plaintiff on a bi-weekly quasi-salaried basis of $1,405.50. If Plaintiff also worked on Saturday, Plaintiff received an additional $50.00 in compensation from Defendants.

18. Defendants misclassified Plaintiff as an exempt employee.

19. Plaintiff regularly worked well in excess of forty hours per week for Defendants.

20. Defendants had a policy and practice of refusing to compensate employees for the full amount of time that they worked.

21. Plaintiff received no compensation whatsoever for hours worked over forty (40) in a workweek.

22. Defendants unlawfully failed to compensate Plaintiff at time and one-half for all of his hours worked over forty hours in a workweek.

23. Defendants knew that it was a violation of the FLSA not to compensate Plaintiff at a rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

24. Defendants willfully violated the FLSA and failed to provide Plaintiff overtime compensation for all overtime hours worked.

25. To the extent time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendants.

26. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

27. All conditions precedent to this action have been satisfied, waived, or excused.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

28. Plaintiff re-alleges paragraphs 1 through 27 as if set forth fully herein.

29. Plaintiff worked more than forty (40) hours in a week for one or more weeks during his employment with Defendants.

30. Defendants refused to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for any hours Plaintiff worked over forty (40) in a workweek for one or more weeks during his employment with Defendants.

31. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for all hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d. award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e. entry of final judgment against Defendants;

    f. declare that Plaintiff was a non-exempt employee of Defendants; and

    g. award all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

                                          *s/ Bradley P. Rothman*
                                          Bradley P. Rothman, Esq.
                                          Florida Bar No. 0677345
                                          brothman@weldonrothman.com
                                          WELDON & ROTHMAN, PL
                                          2548 Northbrooke Plaza Drive
                                          Naples, Florida 34119
                                          Tel: (239) 262-2141
                                          Fax: (239) 262-2342
                                          *Counsel for Plaintiff*