UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK THOMAS, an individual,

     Plaintiff,

vs.                       CASE NO.: 2:21-cv-00759-JES-MRM

SHAWROCK, INC., a Florida profit
corporation, d/b/a PACK & SHIP
EXPRESS, and THOMAS J.
GRIMSHAW, an individual,

     Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Mark Thomas ("Plaintiff"), and Defendants, Shawrock, Inc. d/b/a Pack & Ship Express and Thomas J. Grimshaw ("Defendants"), by and through their respective undersigned counsel, hereby jointly move for approval of their FLSA settlement, and state as follows:

1.     Plaintiff filed a Complaint against Defendants for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") (Doc. 1).

2.     Plaintiff estimated working at least 1,150 hours of overtime and that he is owed at least $7,919.15, or more, in unpaid overtime compensation (Doc. 23).

3.     Defendants deny that they violated the FLSA and have identified several potential defenses to Plaintiff's claims (Doc 12).

4.     To avoid the risks and costs of protracted litigation, Plaintiff and Defendants desire to resolve the FLSA claims fully and finally with prejudice. After full review of the facts and information, Plaintiff and Defendants, who have been represented by experienced counsel at all times, agree that the below terms of the settlement represent a fair and reasonable, and just compromise of disputed issues.

## MEMORANDUM OF LAW

In the context of a private lawsuit brough by a putative employee against a putative employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume a settlement is fair and reasonable. *Zdun v. Virtu Cathedral Assocs., LLC*, No. 3:17-CV-579-J-39PDB, 2018 WL 3761024, at *3 (M.D. Fla. May 14, 2018) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)), *report and recommendation adopted,* No. 3:17-CV-579-J-39PDB, 2018 WL 3756968 (M.D. Fla. June 13, 2018). The factors for evaluating whether the settlement is fair include:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994)).

## I. The Settlement Agreement's Terms.

The Settlement Agreement is attached hereto as **Exhibit A**. Under the terms of the Agreement, Defendant will pay to Plaintiff $11,000.00, comprised of $5,000.00 in unpaid wages and $5,000.00 in liquidated damages as a just compromise of disputed issues for his FLSA claims, as well as $1,000.00 as consideration for a mutual general release. The Agreement also provides that Defendant will pay Plaintiff's counsel $7,000.00 in attorneys' fees and court costs. Plaintiff's Counsel's hourly rate is $400.00 per hour. He has worked approximately 20 hours in connection with this action. In addition, he has incurred costs of $482.00 for the Court filing fee and service of process. These attorneys' fees and court costs were negotiated separately from the amounts payable to Plaintiff under the Agreement, and the Parties stipulate this sum is reasonable considering the stage of proceedings and the work performed to date by Plaintiff's counsel.

## II. The Relevant Factors Show the Settlement Is Fair and Reasonable.

As discussed above, Defendants deny that they owe Plaintiff any additional amounts, and Plaintiff acknowledges that the settlement amounts represent a fair, reasonable, and just compromise of disputed issues for his FLSA claim. The parties therefore believe they have reached a fair settlement.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against his former employer, and this action was

adversarial in nature. No fraud or collusion exists when both parties are represented by counsel and the amount paid to the plaintiff appears fair. *See, e.g., Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (considering the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). Here, each party was represented by experienced counsel. The undersigned attorneys represent to the Court that there was no fraud or collusion.

The probability of success on the merits and the complexity, expense, and length of future litigation also favor settlement. This settlement is a reasonable means for the Parties to minimize future risk and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiff has at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Plaintiff's recovery is a fair and reasonable compromise for his disputed FLSA claim. Counsel for Plaintiff and for Defendants believe the settlement to be fair and reasonable.

### III. Attorneys' Fees Were Negotiated Separately and Are Reasonable.

As part of the Parties' settlement, the attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiff for his underlying claims and are not a function of any percentage of recovery. When a "plaintiff's attorneys' fee was agreed

upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

WHEREFORE, the Parties jointly request this Court approve the Settlement Agreement and dismiss this action with prejudice, reserving jurisdiction to enforce the terms of the settlement for 60 days.

Respectfully submitted this 20th day of May, 2022.

s/ Bradley P. Rothman
Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN PL
2548 Northbrooke Plaza Drive
Naples, FL 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*

s/John D. Agnew
John D. Agnew
Florida Bar No. 27377
JohnA@bapfirm.com
BOY AGNEW POTANOVIC
MILLER, PLLC
4415 Metro Pkwy., Ste. 110
Fort Myers, FL 33916
Tel: (239) 208-6500
Fax: (239) 208-6511
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of May 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to: John D. Agnew, Esq., Boy Agnew Potanovic Miller, PLLC, 4415 Metro Parkway, Ste, 110, Fort Myers, Florida 33916.

s/ Bradley P. Rothman
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
